```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HAMEED BROOKS,<br><br>             Plaintiff,<br><br>     v.<br><br>ROBERT LUTHER, et al.,<br><br>             Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>     Civil Action<br>No. 15-6707 (JBS-KMW)<br><br>     **OPINION** |

APPEARANCES:

Hameed Brooks, Plaintiff Pro Se
315068C/976364
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

   Before the Court is Plaintiff Hameed Brooks' ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket Entry 1). By Order dated September 18, 2015, this Court granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk to file the complaint. (Docket Entry 3). The order was returned to the Clerk's office as undeliverable on September 30, 2015, (Docket Entry 4), therefore the Court administratively terminated the complaint pursuant to Local Civil Rule 10.1(a) on October 13, 2015, (Docket Entry 6). Plaintiff filed a change of address

1

form, (Docket Entry 7), and the Clerk reopened the case for judicial review.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. Because Plaintiff seeks to set aside his State Court conviction, the Court concludes that the complaint will be dismissed as Plaintiff's claims must be brought in a petition for writ of habeas corpus under 28 U.S.C. § 2254.

**II.   BACKGROUND**

Plaintiff brings this civil rights action against former Camden County prosecutor Robert Luther, Investigator Aida Marcello, Officer C. Cooley, and public defenders William Harris and Chris Hoffner. (Docket Entry 1 at 4-6). The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff states that on November 2, 2006, he was wrongfully convicted by a jury due to evidence fabricated by Prosecutor Luther. (Complaint ¶ 1). He states he was acquitted of a weapons charge for a gun placed on him by Officer Cooley, who "also never gave Photo Array or Suspect Line up as

2

Formality." (Complaint ¶ 2). He further alleges Investigator Marcello violated his *Miranda*[1] rights on December 29, 2005, when she forged Plaintiff's signature. (Complaint ¶ 3). Plaintiff further alleges Investigator Marcello lied during the pre-trial hearing and stated Plaintiff "told on [himself]." (Docket Entry 1 at 5; Complaint ¶ 3). He states Mr. Harris "did not request Due Process, did not put motion to suppress or any for that matter, did not relay deals that were offered and blatantly lied to [Plaintiff] on a previous case which terminated [his] pending lawsuit with state troopers." (Docket Entry 5 at 6). He claims Mr. Hoffner "did not request for no type of Due Process rights, no motions for anything or speedy trial, no bail reduction motions, etc." (Docket Entry 1 at 9). He finally alleges Prosecutor Luther gave him an excessive bail. (Complaint ¶ 4). Plaintiff asks this Court to investigate this matter.

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from government employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

(3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "A complaint that pleads facts 'merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief.' The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, No. 14-3792, ___ F.3d ____, ____, 2016 WL 106159, at *3 (3d Cir. Jan. 11, 2016) (quoting *Iqbal*, 556 U.S. at 678-79).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

5

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

Plaintiff's complaint must be dismissed at this time as the relief he seeks, an investigation into and, presumably, reversal of his convictions cannot be granted in a § 1983 proceeding. Plaintiff's claims must be brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

"As a rule, habeas petitions and § 1983 complaints are not 'coextensive either in purpose or effect.' Where a state prisoner seeks to attack the fact or duration of his conviction or sentence, he must seek relief through a habeas petition, not a § 1983 complaint." *Rushing v. Pennsylvania*, No. 15-2656, 2016 WL 25579, at *2-3 (3d Cir. Jan. 4, 2016) (quoting *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002)); *see also Strickland v. Washington*, 466 U.S. 668 (1984). "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (internal quotation marks omitted). Plaintiff's allegations of ineffective assistance of counsel, due process and fair trial violations, and other constitutional claims are an attack on the fact of his conviction, especially considering the complaint does not indicate Plaintiff is seeking monetary damages. As such, Plaintiff must bring his claims under § 2254, not § 1983.

The Court declines to open a § 2254 action at this time as Plaintiff must exhaust these claims, as well as any other claims of constitutional violations he may have related to his conviction and sentence, in the New Jersey courts before

7

bringing a habeas action in federal court. The complaint indicates Plaintiff is in the process of pursuing post-conviction relief in the state courts. (Docket Entry 1 at 5). Once that process is complete, Plaintiff may seek habeas relief in this Court if necessary.[3]

The complaint is dismissed for failure to state a claim. Leave to amend is denied as these claims must be brought in a separate habeas petition, if necessary, after exhaustion of state court remedies for post-conviction relief.

**IV.  CONCLUSION**

For the reasons stated above, Plaintiff's complaint is dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).

| | |
|---|---|
| __January 25, 2016__ | __s/ Jerome B. Simandle__ |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

---

[3] The Court expresses no opinion as to whether Plaintiff has ultimately complied with the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), or as to the merits of any forthcoming § 2254 petition.