```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HAMEED BROOKS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT LUTHER, et al.,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-6707 (JBS-KMW)<br><br>**OPINION** |

APPEARANCES:

Hameed Brooks, Plaintiff Pro Se
315068C/976364
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge:**

## I.   INTRODUCTION

Before the Court are letters from Plaintiff Hameed Brooks ("Plaintiff") responding to the Court's dismissal of his civil rights complaint. March 15 Letter, Docket Entry 10; April 6 Letter, Docket Entry 11. The Court construes these as motions for reconsideration. For the reasons stated herein, the motions are granted only to the extent that certain claims of the complaint shall be dismissed without prejudice instead of with prejudice.

**II. BACKGROUND**

Plaintiff filed a complaint against former Camden County assistant prosecutor Robert Luther, Investigator Aida Marcello, Officer C. Cooley, and public defenders William Harris and Chris Hoffner. Complaint ¶ 4. Plaintiff alleges that on November 2, 2006, he was wrongfully convicted by a jury due to evidence fabricated by Prosecutor Luther. *Id.* ¶ 6(1). He states he was acquitted of a weapons charge for a gun placed on him by Officer Cooley, who "also never gave Photo Array or Suspect Line up as Formality." *Id.* ¶ 6(2). He further alleges Investigator Marcello violated his *Miranda*[1] rights on December 29, 2005, when she forged Plaintiff's signature. Complaint ¶ 6(3). Plaintiff further alleges Investigator Marcello lied during the pre-trial hearing and stated Plaintiff "told on [himself]." *Id.* ¶¶ 4(C), 6(3).

Plaintiff asserted Harris "did not request Due Process, did not put motion to suppress or any for that matter, did not relay deals that were offered and blatantly lied to [Plaintiff] on a previous case which terminated [his] pending lawsuit with state troopers." *Id.* ¶ 4(E). He claimed Hoffner "did not request for no type of Due Process rights, no motions for anything or speedy trial, no bail reduction motions, etc." *Id.* ¶ 4(F). He finally

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

alleged Luther gave him an excessive bail. *Id.* ¶ 6(4). Plaintiff asked this Court to investigate this matter. *Id.* ¶ 7.

**III. DISCUSSION**

As Plaintiff only requested an "investigation" into his convictions in the complaint and did not ask for monetary damages, the Court originally concluded that Plaintiff's claims must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausted his state court remedies.[2] In his subsequent letters to the Court, however, Plaintiff indicates he is in fact seeking monetary damages due to his false conviction in addition to the "investigation" he requested in the complaint. April 6 Letter. In the interests of justice, the Court will amend its order to dismiss certain claims of the complaint without prejudice. Leave to amend is denied at this time as futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

**A. Assistant Prosecutor Luther**

To the extent Plaintiff brings claims against former assistant prosecutor Luther based on his prosecution of Plaintiff, Luther is immune from suit on those claims. The Third Circuit has held that "'when [New Jersey] county prosecutors engage in classic law enforcement and investigative functions,

---

[2] Plaintiff indicated he was in the process of appealing his post-conviction relief denial. April 6 Letter.

they act as officers of the State.'" *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 855 (3d Cir. 2014 (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1505-06 (3d Cir. 1996)); *accord Mikhaeil v. Santos*, 646 F. App'x 158, 161 (3d Cir. 2016). In other words, prosecutors may not be sued in federal court for actions performed in their investigative or law enforcement roles. "This includes activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior 'intimately associated with the judicial phases' of litigation." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The allegations in the complaint that Luther presented fabricated evidence during trial fall within the scope of immunized activities. *See id.* at 1465. To the extent Plaintiff alleges Luther himself fabricated the evidence, it is not clear that Luther would have absolute immunity, however. *See Yarris v. Cty. of Delaware*, 465 F.3d 129, 138-39 (3d Cir. 2006).

In order to sufficiently plead a due process violation based on the fabrication of evidence, Plaintiff must set forth sufficient facts for the Court to plausibly infer that "there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted." *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014). "[F]abrication claims must draw a meaningful connection between [plaintiffs']

4


conviction and the use of fabricated evidence against them." *Id.* 294 n.19. Here, Plaintiff has not set forth sufficient facts supporting his allegation, such as what the alleged fabricated evidence was, the circumstances regarding Luther's involvement in the fabrication, and the ability of that evidence to affect the result of Plaintiff's trial. This claim is dismissed without prejudice; however, Plaintiff is denied leave to amend this claim at this time as it appears to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Under *Heck*, a plaintiff may not bring a § 1983 claim that would necessarily imply the invalidity of his conviction "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Success on Plaintiff's claim that fabricated evidence used against him at trial resulted in his conviction, Complaint ¶ 6(1), would necessarily invalidate that conviction. *See Long v. Atlantic City Police Dep't*, 670 F.3d 436, 447 (3d Cir. 2012) (claim that defendants conspired to obtain a conviction by "committing perjury and/or fabricating evidence" barred by *Heck*). As Plaintiff indicates he is still pursuing post-conviction remedies, his claim is barred at this time. The fabrication claim against Luther is dismissed without prejudice.  If his conviction is set aside, plaintiff may renew this claim against Luther.

5

The complaint further alleges Luther gave Plaintiff an "excessive bail." Complaint ¶ 6(4). Under New Jersey law, bail amounts and conditions are set by a judge, not prosecutors. *See* N.J. Ct. R. 7:4-2(a). This claim is dismissed with prejudice for failure to state a claim.

**B. Public Defenders**

Plaintiff has also failed to state a § 1983 claim against his public defenders, Harris and Hoffner. Courts have consistently held that public defenders are not "persons" within the meaning of 42 U.S.C. § 1983. Although paid and ultimately supervised by the state, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff, therefore, cannot sustain a § 1983 claim against his public defenders because they were not "acting under color of state law." All claims against Plaintiff's public defenders must be dismissed with prejudice.[3]

**C. Investigator Marcello and Officer Cooley**

---

[3] Although Plaintiff's claims against his attorneys are dismissed with prejudice for purposes of this complaint and § 1983, the dismissal is without prejudice to his right to raise ineffective assistance of counsel claims in his post-conviction relief application in State court, if otherwise timely under the rules.

Plaintiff alleges Investigator Marcello violated his *Miranda* rights by forging his signature on documents, leading to his indictment. Complaint ¶ 4(c). He further alleges she testified falsely at a pretrial hearing. *Id.* ¶ 6(3).

Investigator Marcello is immune from Plaintiff's claim arising from her alleged false testimony. Witnesses have "absolute immunity with respect to *any* claim based on the witness' testimony." *Franks v. Temple Univ.*, 514 F. App'x 117, 122 (3d Cir. 2013) (emphasis in original) (internal quotation marks omitted); *see also Rehberg v. Paulk*, 566 U.S. 356, 366–67 (2012). "We have long held that the doctrine of absolute witness immunity applies to testimony given at pre-trial hearings." *Franks*, 514 F. App'x at 122. Thus, Plaintiff may not seek damages from Investigator Marcello on this basis, and this claim is dismissed with prejudice.

To the extent the complaint alleges the forging of Plaintiff's signature by Investigator Marcello violated Plaintiff's Fifth Amendment rights, he has failed to state a claim. "[V]iolations of the prophylactic *Miranda* procedures do not amount to violations of the Constitution itself." *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994). "[I]t is the use of coerced statements during a criminal trial, and not in obtaining an indictment, that violates the Constitution." *Renda v. King*, 347 F.3d 550, 559 (3d Cir. 2003). Plaintiff states the alleged

coerced confession was used to secure an indictment and was referenced at his pretrial hearing. Complaint ¶¶ 4(c), 6(3). He does not allege it was used against him at trial. Therefore, he has failed to state a claim, and the Court shall dismiss this claim without prejudice.

To the extent Plaintiff raises a due process fabrication of evidence claim against Investigator Marcello, he has also failed to state a claim. As previously noted, plaintiffs raising this kind of due process challenge must set forth sufficient facts suggesting "there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted." *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014). The complaint contains no facts from which the Court could reasonably make such an inference. This claim is dismissed without prejudice.[4]

### D. Officer Cooley

Plaintiff alleges Officer Cooley planted a gun on him, resulting in a weapons charge. Plaintiff was acquitted of that charge at his 2006 trial. Complaint ¶ 6(1)-(2). He further alleges neither a photo array nor a suspect line up were

---

[4] As with the fabrication claim against Luther, this claim may be barred by *Heck*. In other words, unless plaintiff succeeds in post-conviction relief to set aside his conviction, any § 1983 claim for money damages that defendant Marcello procured plaintiff's guilt by fraudulent acts is barred by *Heck*.

conducted. *Id.* ¶ 6(4). The Court construes the complaint as raising false arrest, false imprisonment, due process, and malicious prosecution claims.[5] Most of these claims are barred by the statute of limitations.[6]

"Claims for false arrest ... typically accrue on the date of the arrest ... because, at that point, the plaintiff has reason to know of the injury." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998)). "An arrestee can file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run, however, only when the allegedly false imprisonment ends, that is, when the arrestee becomes held by legal process, for example, when he is 'bound over by a magistrate or arraigned on criminal charges.'" *Pittman v. Metuchen Police Dep't*, No. 08-2373, 2010 WL 4025692, at *4 (D.N.J. Oct. 13, 2010) (quoting *Wallace v. Kato*, 549 U.S. 384, 388–90 (2007)).

---

[5] The malicious prosecution claims against Cooley and Marcello are discussed separately.
[6] *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) (per curiam) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.").

9

Plaintiff does not indicate the date he was arrested; however, as his trial concluded November 2, 2006, it is obvious from the face of his complaint that more than two years have elapsed since his arrest and before filing this complaint in 2015. Similarly, it is clear that Plaintiff was held pursuant to legal process well before September 2013, two years before this complaint was submitted for mailing. As it is apparent from the face of the complaint that the false arrest and false imprisonment claims are barred by the statute of limitations, they are subject to dismissal with prejudice. His due process claim based on any failure to conduct a photo array is likewise barred by the statute of limitations. *See Pittman*, 2010 WL 4025692, at *6 (applying two-year statute of limitations to claim that police failed to conduct a photo lineup).

**E. Malicious Prosecution Claim**

Petitioner appears to raise malicious prosecution claims against Officer Cooley and Investigator Marcello. To prevail on a § 1983 malicious prosecution claim, Plaintiff must set forth facts indicating:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Woodyard v. Cty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (citing *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009)). Malicious prosecution claims do not accrue until charges are dismissed. *Ginter v. Skahill*, 298 F. App'x 161, 163 (3d Cir. 2008) (citing *Smith v. Holtz*, 87 F.3d 108, 111 (3d Cir. 1996)).

Here, Plaintiff was acquitted of the weapons charge and convicted of some other unidentified first-degree offense. Complaint ¶ 6(1)-(2). It is not clear from the face of the complaint whether Plaintiff's acquittal on this charge constitutes a favorable termination. "[T]he favorable termination of some but not all individual charges does not necessarily establish the favorable termination of the criminal proceeding as a whole." *Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009). "Where, as here, [Plaintiff was] simultaneously acquitted of some charges and convicted of others, [the Court] must determine whether 'the offenses as stated in the statute and the underlying facts of the case ... indicate that the judgment as a whole' reflects the [Plaintiff's] innocence." *Kiriakidis v. Borough of Vintondale*, 609 F. App'x 713, 717 (3d Cir. 2015) (quoting *Kossler*, 564 F.3d at 188). Plaintiff has not provided enough information about the charges and facts of the case for the Court to determine whether he has sufficiently pled the favorable termination element. The malicious prosecution claims are therefore dismissed without prejudice.

11

Although these claims are dismissed without prejudice, the Court denies leave to amend at this time at the malicious prosecution claims cannot proceed regardless of whether the criminal proceeding terminated in Plaintiff's favor. If it did not terminate in his favor, his claims are premature under *Heck*. If it did, the malicious prosecution claims against Cooley and Marcello are barred by the statute of limitations as they accrued at the time of his 2006 acquittal. *Ginter*, 298 F. App'x at 163. The two-year statute of limitations therefore expired some time in 2008. In either situation, the claims cannot go forward at this point in time, making amendment futile.

**F. Wrongful Conviction**

Finally, Plaintiff cannot pursue a claim for damages based on his alleged wrongful conviction at this time as he is barred by *Heck* unless and until his conviction is overturned. This claim is also dismissed without prejudice.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's motion for reconsideration is granted only to the extent that certain claims are dismissed without prejudice. An appropriate order follows.

| | |
|---|---|
| **February 14, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |